Wyatt Johnson
Angstman Law, PLLC
3649 Lakeharbor Lane
Boise, Idaho 83703
Telephone: (208) 384-8588
Facsimile:  (208) 853-0117
Angstman ISB #5738
Johnson ISB #5858
Sullivan ISB #1560

Attorney for Warren M. Farnworth

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WARREN M. FARNWORTH,<br><br>Plaintiff<br><br>Vs.<br><br>CLARENDON NATIONAL INSURANCE COMPANY,<br><br>Defendant | Case No.   05-021-S-BLW<br><br>SUPPLEMENTAL BRIEF IN RESPONSE TO CLARENDON NATIONAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT FILED ON OCTOBER 13, 2005 |

COMES NOW, the Plaintiff, Warren Farnworth, by and through his counsel of record, Angstman Law, PLLC, and hereby supplements his prior response's to Clarendon

SUPPLEMENTAL BRIEF IN RESPONSE TO CLARENDON NATIONAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT FILED ON OCTOBER 13, 2005 – PAGE 1

National Insurance Company's Motion for Summary Judgment filed on October 13, 2005 with this memorandum and with the supplemental affidavit of counsel filed concurrently with this brief. In addition to the previously submitted argument, Plaintiff Warren Farnworth further argues in opposition to Clarendon's Motion for Summary Judgment as follows:

**I.     Judge McLaughlin did not dismiss any claims against the insureds.**

In its final paragraph of its Statement of Material Facts, the Defendant Clarendon makes note of the handwritten sentence inserted by Judge McLaughlin on the judgment entered in the state court action stating "the claims against Defendant's Realty Center, Inc. and Real Pro Foundation, Inc. are hereby dismissed." (*See* Aff. Moore Exhibit GG). Clarendon appears to suggest that, perhaps, there may be some dismissal of claims against Clarendon's insureds and, therefore, some nullification of the judgment entered in the state court action. However, because of the actual corporate parties involved in the state court action, such a conclusion would be incorrect.

In the state court action, Farnworth sued three separate corporate entities, Real Pro., Inc., Real Pro Foundation, Inc., and Realty Center, Inc. Each had its own independent legal identity. (*See* Supp. Aff. Counsel, Ex A-F.) Judge McLaughlin entered judgment against Real Pro., Inc., the insured, and dismissed the <u>other</u> corporations.

**II.     The affidavit testimony of Phil Collaer is not reliable evidence in support of Clarendon's contention that the Farnworth claim is the "same or related" to those asserted by other parties against the insureds.**

SUPPLEMENTAL BRIEF IN RESPONSE TO CLARENDON NATIONAL
INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT FILED ON
OCTOBER 13, 2005 – PAGE 2

In subpart D of its Memorandum in Support of Motion for Summary Judgment, Clarendon relies upon the Affidavit of Phil Collaer, Paragraph 3, in support of its contention that Farnworth's lawsuit is the "same or related" claim as other claims by other individuals arising from other real estate transactions against Jon Adamson, Real Pro., Inc., or other insureds. However, during his deposition, when confronted with this Paragraph, Mr. Collaer clarified that, notwithstanding his affidavit, it was not his intention to give any opinion of coverage regarding the Frontier or Clarendon policies. (Depo. P. Collaer p. 15 l. 19 – p. 16 l. 3; p. 17 l. 3 – p. 17 l. 25; p. 87 l. 11 – p. 88 l. 17). Mr. Collaer clearly states in his deposition that any statements in his affidavit regarding the concern of whether Clarendon's coverage applied to the Farnworth claims, or whether they were the "same or related" as other claims, were simply his own personal conclusions based upon his assumptions arising out of his observation of how Frontier appeared to be handling the claim. (*See* Dep. P. Collaer p. 88 l. 21 – p. 89 l. 17).

Not only is Mr. Collaer's affidavit unreliable, to the extent Clarendon seeks its admission for purposes of proving either of these contentions, it is inadmissible and Farnworth hereby objects to its admission or consideration for that purpose. F.R.C.P. 56(e); F.R.E. 702.

Dated this 18th day of November, 2005.

    /s/
WYATT B. JOHNSON
Attorney for Plaintiff

ANGSTMAN LAW, PLLC
3649 Lakeharbor Lane
Boise, ID 83703

SUPPLEMENTAL BRIEF IN RESPONSE TO CLARENDON NATIONAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT FILED ON OCTOBER 13, 2005 – PAGE 3

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of November, 2005, caused to be served a true copy of the foregoing SUPPLEMENTAL BRIEF IN RESPONSE TO CLARENDON NATIONAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT FILED OCTOBER 13, 2005 by the method indicated below, and addressed to those parties marked served below:

| Served | Party | Counsel | Means of Service |
|---|---|---|---|
| ☐ | Clarendon National Insurance Company | Paige Parker<br>Michael W. Moore<br>MOORE BASKIN<br>1001 W. Idaho, Ste. 400<br>P. O. Box 6756<br>Boise, Idaho  83707 | X Electronically Served |

/s/
WYATT JOHNSON

SUPPLEMENTAL BRIEF IN RESPONSE TO CLARENDON NATIONAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT FILED ON OCTOBER 13, 2005 – PAGE 4